UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RICKY MOUNT,

                Petitioner,

      v.

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM AND ORDER**

19-MC-3043 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

    Petitioner Ricky Mount, proceeding *pro se*, brings the instant petition to seal the record in *United States v. Ricky Mount*, No. 86-MJ-1410.

## DISCUSSION

    Petitioner is a Senior Trustee at his church where he serves on the Finance Committee. (Pet'r's. Jul. 17 Ltr. ("Pet'r's Ltr.") 1, ECF No. 2). According to the Petitioner, he is required to obtain a firearm permit to maintain his employment. (Pet'r's Ltr. 1.) Although Petitioner does not expressly state in his petition, the Court presumes the record of his conviction serves as a barrier to obtaining his required permit. Petitioner maintains that he is entitled to have the record of his conviction sealed, because: he is applying for a job; the case has been closed for 10 years; he has never had a case sealed; he does not have any pending criminal charges or recent criminal convictions; and his charges were not "of a sexual nature" or within the category of "Class A felonies." (Pet'r's Mot. 2, ECF No. 1.) Respondent opposes Petitioner's motion to seal on the grounds that the Court lacks jurisdiction to grant Petitioner's requested relief. (*See generally* Resp't's Opp'n, ECF. No. 5.) The Court agrees.

    "Federal courts are courts of limited jurisdiction" and have "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Relevant here, federal district courts do not have subject matter jurisdiction to expunge

or seal a valid conviction record, except in limited circumstances authorized by Congress. *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016)).[1] Nor, as the Second Circuit held in *United States vs. Doe*, can federal district courts exercise ancillary jurisdiction to expunge or seal records of a valid conviction. *Doe*, 833 F.3d at 197.

In *Doe*, which is instructive here, petitioner sought to expunge her criminal conviction, which was over a decade old, on the grounds that her conviction prevented her from obtaining employment as a home health aide. *Id*. at 195. The district court determined that it had ancillary jurisdiction over the petition and expunged the petitioner's record, finding that: (1) the petitioner's offense was "distant in time and nature from [her] present life," and "[s]he has not even been re-arrested" since her conviction; (2) the petitioner's "criminal record has had a dramatic adverse impact on her ability to work," as "[s]he has been terminated from half a dozen [home health aide] jobs because of the record of her conviction"; and (3) "[t]here was no specter at the time that she had used her training as a home health aide to help commit or cover up her crime," and "[t]here is no specter now that she poses a heightened risk to prospective employers in the health care field." *Id*. at 196 (quoting *Doe v. United States*, 110 F. Supp. 3d 448, 455-58 (E.D.N.Y. 2015)). On appeal, the Second Circuit vacated the district court's decision, holding that the court lacked jurisdiction to consider the petition to expunge the petitioner's criminal record. *Id.* at 196. Specifically, the Second Circuit found that while district courts have ancillary jurisdiction to expunge an arrest record following the dismissal of a criminal cases, they do not have jurisdiction to expunge valid criminal convictions. *Id*. at 197.

---

[1] In *Doe*, the Second Circuit acknowledged "Congress has previously authorized district courts to expunge lawful convictions under certain limited circumstances" including, for example, 18 U.S.C. § 3607(c) which provides "upon the application of certain drug offenders who have been placed on prejudgment probation and were less than twenty-one years old at the time of the offense, 'the court shall enter an expungement order' expunging all public 'references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof.'" *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) (citing 18 U.S.C. § 3607(c)).

Here, Petitioner does not challenge any underlying conviction for which his record exists. Nor does Petitioner point to any limited exception authorized by Congress that would confer jurisdiction upon this Court to consider his motion. Accordingly, while several of the reasons Petitioner puts forth for requesting his records be sealed are laudable, the Court lacks jurisdiction to consider the Petitioner's motion.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to seal the record in *United States v. Ricky Mount*, No. 86-MJ-1410 is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      February 24, 2021

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge